## IN RE: A SPECIAL INVESTIGATION NO. 242

[No. 706, September Term, 1982.]

*Decided December 9, 1982.*

The cause was argued before MOORE, LISS and ALPERT, JJ.

*M. Albert Figinski* and *Andrew Radding,* with whom were *James R. Wooton* and *Burke, Gerber, Wilen, Francomano & Radding* on the brief, for appellant.

*Stefan D. Cassella, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

LISS, J., delivered the opinion of the Court.

Pursuant to an investigation by the Medicaid Fraud Control Unit of the Office of the Attorney General, a Grand Jury for Baltimore City, on May 12, 1982, issued a subpoena duces tecum to Karen Buckingham, Custodian of Records, Maryland National Bank. The subpoena requested the production of all banking records for the year 1981 relating to two checking accounts maintained by a Maryland National customer, the appellant herein. The return date on the subpoena was May 26, 1982. On May 21, 1982, counsel for the appellant filed with the Criminal Court of Baltimore a motion to quash the subpoena duces tecum issued by the Baltimore City Grand Jury. A hearing was held in the chambers of the trial judge assigned to hear the motion, and on June 28, 1982, the motion to quash was denied. The appellant noted a timely appeal from the adverse decision of the trial judge, naming the State of Maryland as appellee.

Appellant presents the following questions for determination by this appeal:

1. Does the Attorney General have inherent or specified constitutional authority to act as prosecutor or criminal investigator?
2. Whether, in accordance with the common law rule that offenses are tried in the county of their

commission, the proper venue for this action is Prince George's County, Maryland, and not Baltimore City?

3. Does the subpoena duces tecum, which requests the production of appellant's bank records, violate the provision of Section 1-304 of the Financial Institutions Article of the Maryland Code, which requires service on the customer of the fiduciary institution?

4. Is the subpoena duces tecum overly broad, constituting an unreasonable search in violation of appellant's right to be free from an unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution?

The appellee contends there is an additional issue raised by this appeal which may be dispositive of the issues suggested by the appellant. That issue is "whether the appellant lacks standing to challenge the subpoena duces tecum directed to Maryland National Bank?".

## Standing

Appellant maintains bank accounts at Maryland National Bank. The subpoena duces tecum in this case was directed to the Bank and not to the appellant. Appellee contends that before a party may challenge the validity of a subpoena duces tecum, he must first allege that he has a protected Fourth Amendment interest in the documents or things sought in the subpoena. In support of this contention, the State relies on *United States v. Miller,* 425 U.S. 435 (1976). In that case, the government had issued a subpoena to a bank for a depositor's bank records. The depositor challenged the subpoena on the ground that it was defectively issued by a U.S. Attorney rather than by the court and that compliance under these circumstances would amount to an illegal search and seizure. Defendant's motion was denied and he was tried and convicted. The Fifth Circuit Court of

Appeals reversed on the basis that the subpoenaed documents fell within a constitutionally protected zone of privacy. The Supreme Court in reversing the Court of Appeals stated:

Respondent urges that he has a Fourth Amendment interest in the records kept by the banks because they are merely copies of personal records that were made available to the banks for a limited purpose and in which he has a reasonable expectation of privacy. He relies on this Court's statement in *Katz v. United States,* 389 U.S. 347, 353 (1967), quoting *Warden v. Hayden,* 387 U.S. 294, 304 (1967), that "we have . . . departed from the narrow view" that " 'property interests control the right of the Government to search and seize,' " and that a "search and seizure" become unreasonable when the Government's activities violate "the privacy upon which [a person] justifiably relies." But in *Katz* the Court also stressed that "[w]hat a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection." 389 U.S., at 351. We must examine the nature of the particular documents sought to be protected in order to determine whether there is a legitimate "expectation of privacy" concerning their contents. Cf. *Couch v. United States,* 409 U.S. 322, 335 (1973).

Even if we direct our attention to the original checks and deposit slips, rather than to the microfilm copies actually viewed and obtained by means of the subpoena, we perceive no legitimate "expectation of privacy" in their contents. The checks are not confidential communications but negotiable instruments to be used in commercial transactions. All of the documents obtained, including financial statements and deposit slips, contain only information voluntarily conveyed to the banks and exposed to their employees in the ordinary course of business. The lack of any legitimate expec-

tation of privacy concerning the information kept in bank records was assumed by Congress in enacting the Bank Secrecy Act, the express purpose of which is to require records to be maintained because they "have a high degree of usefulness in criminal, tax, and regulatory investigations and proceedings." 12 U.S.C. § 1829b (a) (1). Cf. *Couch v. United States, supra,* at 335.

The depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to the Government. *United States v. White,* 401 U.S. 745, 751-752 (1971). This Court has held repeatedly that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed. *Id.,* at 752; *Hoffa v. United States,* 385 U.S., at 302; *Lopez v. United States,* 373 U.S. 427 (1963).

This analysis is not changed by the mandate of the Bank Secrecy Act that records of depositors' transactions be maintained by banks. In *California Bankers Assn. v. Shultz,* 416 U.S., at 52-53, we rejected the contention that banks, when keeping records of their depositors' transactions pursuant to the Act, are acting solely as agents of the Government. But, even if the banks could be said to have been acting solely as Government agents in transcribing the necessary information and complying without protest with the requirements of the subpoenas, there would be no intrusion upon the depositors' Fourth Amendment rights. See *Osborn v. United States,* 385 U.S. 323 (1966); *Lewis v. United States,* 385 U.S. 206 (1966). [425 U.S. at 442-443]. [Footnotes omitted].

The Supreme Court held that the District Court correctly denied respondent's motion to suppress, as he possessed no Fourth Amendment interest which could be vindicated by a challenge to the subpoenas.

Appellant next argues that the *Miller* principles have been modified by this Court in the case of *Suburban Trust Co. v. Waller,* 44 Md. App. 335 (1979). From that opinion appellant cites the language used by Chief Judge Gilbert, writing for this Court, that "[m]odern society virtually demands that one maintain a bank account of some sort", and that [c]ourts have recognized the special considerations inherent in the bank-depositor relationship and have not hesitated to find that a bank implicitly warrants to maintain, in strict confidence, information regarding its depositor's affairs." 44 Md. App. at 340.

This language, however, does not justify appellant's argument that the documents here subpoenaed are its "private papers," which are maintained by the Maryland National Bank by reason of its fiduciary relationship with the depositor. We said in *Suburban Trust, supra,* at 344:

> [A] bank depositor in this State has a right to expect that the bank will, to the extent permitted by law, treat as confidential, all information regarding his account and any transaction relating thereto. Accordingly, we hold that, *absent compulsion by law,* a bank may not make any disclosures concerning a depositor's account without the express or implied consent of the depositor. [Emphasis added.]

In this case, the Bank is called upon to respond to a subpoena duces tecum issued by a Grand Jury of Baltimore City and to produce documents included in its records of the bank account of the appellant. As the papers are not the private records of the appellant but those voluntarily disclosed by it to the Bank under the *Miller* decision, *supra,* appellant has no legal standing to complain under the Fourth Amendment or any other legal basis. As appellant has no standing, it

becomes unnecessary to consider the remaining issues raised by this appeal.

*Order affirmed.*
*Costs to be paid by appellant.*
*Mandate to issue forthwith.*